# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Ebony Glover, As Guardian ad Litem and Biological Mother of B.P., A Minor, ) ) ) | Civil Action No.: 3:21-cv-00679-JMC |
| Plaintiff, ) ) | |
| v. ) ) | **ORDER AND OPINION** |
| Bennett D. Williams, Dennis Kennedy, LLC and Kennedy Brothers, Inc., ) ) ) | |
| Defendants. ) ) | |

Plaintiff Ebony Glover ("Plaintiff"), as Guardian ad Litem and Biological Mother of B.P., a Minor, filed this action against Defendants Bennett D. Williams ("Williams"), Dennis Kennedy, LLC ("Kennedy") and Kennedy Brothers, Inc. ("KBI") (collectively "Defendants") seeking monetary damages for Defendants' allegedly negligent conduct that resulted in a traffic accident. (*See* ECF No. 4.)

This matter is before the court pursuant to Plaintiff's Motion to Remand the case to the Lee County South Carolina Circuit Court. (ECF No. 9.) KBI filed a Response in Opposition to the Motion asserting that it properly removed the action. (ECF No. 14.) For the following reasons, the court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 9.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on April 2, 2018, her minor son, B.P., was the front seat passenger in a vehicle operated by his grandfather, Samuel Pough, Jr. ("Pough"), traveling westbound on I-20 in Lee County, South Carolina. (ECF No. 4 at 3 ¶¶ 7–8.) Pough's vehicle "unexpectedly collided with a freight truck" owned by Kennedy and operated by Williams. (*Id.* ¶ 10.) Plaintiff alleges that the truck had become disabled in the left lane of travel and the vehicle driven by Plaintiff's

1

grandfather struck the rear of the truck. (*Id.* ¶ 11, ECF No. 14 at 1.) Plaintiff's grandfather "died as a result of the collision," and B.P. suffered serious injury as a result of the collision. (ECF No. 4 at 3 ¶¶ 7, 12.)

On March 6, 2019, Plaintiff filed suit against Kennedy in the Lee County Court of Common Pleas alleging negligence based on the accident. (ECF No. 1-1 at 1–4.) Plaintiff amended the Complaint on March 18, 2019, adding Williams. (*Id.* at 5–9.) Plaintiff amended the Amended Complaint on May 17, 2019, to correct Williams' name. (*Id.* at 18–22.) Plaintiff amended the Second Amended Complaint on April 15, 2020, adding KBI. (*Id.* at 45–50.) On April 30, 2020, Kennedy and Williams removed the case, and KBI later joined in the removal motion on May 22, 2020. *See Glover v. Williams*, C/A No.: 3:20-cv-01705-JMC[1], ECF No. 1 (D.S.C. Apr. 30, 2020); (*id.* at ECF No. 10.) On June 1, 2020, Plaintiff filed a motion to remand (*id.* at ECF No. 12), which this court granted on February 8, 2021, for Defendants' failure to meet the burden of proof required to demonstrate the amount in controversy was satisfied. (*Id.* at ECF No. 25.)

On March 9, 2021, Defendants filed another Notice of Removal. (ECF No. 1.) Plaintiff filed the instant Motion to Remand (ECF No. 9) on March 24, 2021, which only KBI opposes (ECF No. 14), and that the court now considers.

## II. LEGAL STANDARD

A party seeking to remove a case from state to federal court bears the burden of demonstrating that jurisdiction is proper at the time it files its petition for removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). If federal jurisdiction is doubtful, remand is necessary. *Mulchaey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); see *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and

---

[1] The instant case and the matter bearing Civil Action No. 3:20-cv-01705-JMC are related cases.

to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.") The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Absent jurisdiction based on the presentation of a federal question, *see* 28 U.S.C. § 1331 (2012), a federal district court only has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a).

Generally, "[a] party seeking to remove an action must file a notice of removal within 30 days of receiving the initial pleading in the case." *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017) (citing 28 U.S.C. § 1446(b)(1)). "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "A case may not be removed under subsection (b)(3) on the basis of jurisdiction [by diversity of citizenship] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). When a case is remanded for a procedural defect or lack of subject matter jurisdiction, § 1447(d) bars review of the remand order "on appeal or otherwise." *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 640 (2006). Successive removal is permitted when there is a relevant change of circumstances, when subsequent pleadings or events reveal new or different

grounds for removal. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 789; *Terry v. Beaufort Cty. Sch. Dist.*, C/A No. 9:20-cv-02351-MBS-MGB, 2020 U.S. Dist. LEXIS 186874 (D.S.C. 2020).

### III. ANALYSIS

Plaintiff contends Defendants removed this case more than one (1) year after commencement of the action and that KBI is now precluded from seeking removal on the same grounds as in the earlier notice, and thereby move to remand this case to state court.[2] (ECF No. 9 at 1.) In support of this contention, Plaintiff argues that KBI is absolutely barred from removing on the basis of diversity jurisdiction after one (1) year. (ECF No. 9 at 3 (citing *Lovern v. GMC*, 121 F.3d 160, 163 (4th Cir. 1997) (quoting 28 U.S.C. § 1446(b)); *Perez v. Gen. Packer, Inc.*, 790 F. Supp. 1464, 1469 (C.D. Cal. 1992) (removal prohibited for new defendants added two and one-half years after state case commenced); *Santiago v. Barre Nat'l, Inc.*, 795 F. Supp. 508 (D. Mass. 1992) ("the plain language of the statute forbids removal on diversity grounds of cases which commenced in state court more than one year previously.")).) In response, KBI argues the 2011 amendment to 28 U.S.C. § 1446 only applies the one (1) year ban to diversity cases that are not initially removable. (ECF No. 14 at 10 (citing *Gates at Williams-Brice Condo Ass'n v. Quality Built, LLC*, C/A No. 3:16-cv-02022-CMC, 2016 U.S. Dist. LEXIS 120380 (D.S.C. 2016) (expressly finding that the 2011 amendment to 28 U.S.C.A § 1446 confirmed the one-year limit only applied to cases not initially removable.)).) Upon its review, the court observes that the *Gates* court ultimately declined to decide the issue and noted as follows that no clear precedent establishes KBI's interpretation:

---

[2] Specifically, KBI removed this case from state court on March 9, 2021 (ECF No. 1), more than one year after commencement of the action on March 6, 2019. (*See* ECF No. 1-1 at 1–4.)

4

> "At least six appellate courts interpreted Section 1446(c) to be so limited prior to the 2011 amendments. *See* ECF No. 22 at 3 (citing *King v. Flinn & Dreffein Engr. Co.*, 675 F. Supp. 2d 642 (W.D. Va. 2009) (citing decisions from six circuits holding the one-year limit does not apply to cases that were removable when filed and reaching the same conclusion after characterizing Lovern's reference to an absolute bar as dicta). At least one district court within the Fourth Circuit has recently interpreted . . . *See Ross v. Lee*, 2016 U.S. Dist. LEXIS 14561, 2016 WL 521529 (E.D. Va. Feb 5, 2016) ("Although the Fourth Circuit has not definitively addressed this issue, district courts in the Fourth Circuit have concluded that the one-year limit only applies to cases that are not initially removable when commenced, e.g., to cases in which a non-diverse defendant is only dismissed after several months of litigation."). . . . [T]he argument that the one-year bar does not apply is at least reasonable and well supported by substantial authority. The court does not, ultimately, resolve the issue . . . ."

*Gates*, 2016 U.S. Dist. LEXIS 120380, at *27–28.

Plaintiff next states that she did not assert a specific amount of damages in the original state court complaint and argues the case did not become removable until May 31, 2019, when Defendants received Plaintiff's interrogatory response with specific damages that established the amount in controversy was met. (ECF No. 9 at 4.) While there may be reasonable argument that interpretation of the statute bars only cases that were not initially removable as KBI claims, there is also reasonable support for Plaintiff's claim that the case was not removable until the amount in controversy requirement was explicitly met. Given the reasonableness of both arguments on this point, and given that separate grounds exist for the court's decision, the court declines to definitively decide this issue.[3]

Plaintiff also contends the instant removal is not based on any new grounds and merely attempts to correct a procedural defect of the prior removal. (ECF No. 9 at 4.) KBI counters arguing that receipt of Plaintiff's discovery responses (after the first removal action was required to be filed) constitute new grounds for the second removal action. (ECF No. 14 at 12–13.) Further, KBI

---

[3] Since this court does not rely on the timeliness of removal for its decision, Defendants' arguments regarding equitable tolling and Plaintiff's bad faith are not reached.

argues it could not remove this action until this court ruled on Williams and Kennedy's initial removal action. (*Id.* at 13.) The court finds these arguments to be without merit as KBI voluntarily consented to the first removal action. For the first removal action to be considered, it was required by statute for all defendants to join in or consent to the removal of the action. *See* 28 U.S.C. § 1446(b)(2)(A). Without KBI's consent, removal would have failed and KBI could have initiated its own removal motion. KBI was under no obligation to join a defective removal action.

However, once KBI joined in the removal action, it was required to carry the burden of proof. Furthermore, KBI responded to the first remand motion on June 24, 2020 (*see* ECF No. 1-1 at 69; *Glover*, C/A No.: 3:20-cv-01705-JMC, ECF No. 18), which provided the opportunity to fulfill its burden of proof regarding the amount in controversy. To this point, this court found KBI's claim to be insufficient. *See Glover*, C/A No.: 3:20-cv-01705-JMC, ECF No. 25 at 4, 5 (D.S.C. Feb. 8, 2021) ("A removing defendant must present actual evidence that the amount in controversy is exceeded; simple conjecture will not suffice . . . . [T]he court finds this bare claim, without more, simply cannot sustain subject matter jurisdiction."). Defendants had access to the interrogatory responses that would provide actual evidence of the amount in controversy at the time of the first removal action and this information was not specifically pleaded in the removal action or KBI's response. (*See id.* at 4.) KBI claims the discovery responses were not received until after the first removal action, however, this information was nevertheless available at the time KBI responded to the first motion to remand.  KBI was responsible to ensure the first removal action was without defect and had the opportunity to do so. Defendants are not in possession of any new information, subsequent pleadings or events, or change in circumstances that substantiate new grounds for a second removal. With no substantive change in the case, doubt exists as to federal jurisdiction and all doubts should be resolved in favor of state retained jurisdiction.

6

Therefore, this court declines to accept jurisdiction of this case and must grant Plaintiff's Motion to Remand.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiff Ebony Glover's Motion to Remand and **REMANDS** this case to the Lee County (South Carolina) Court of Common Pleas. (ECF No. 9.) The court **DIRECTS** the Clerk of Court to send a certified copy of this Order to the Lee County Clerk of Court. The court **DECLINES** to rule on the remaining pending Motions for Summary Judgment (*see* ECF Nos. 22, 23) in this case and leaves resolution of these Motions for the transferee court.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 16, 2021
Columbia, South Carolina

7